## Doyle v. Doyle

*Robert H. Griffith*, for plaintiff.
*Kenneth J. Sparler*, for defendant.

ERB, *J.*, October 3, 1985—This matter is before the court on defendant Pauline R. Doyle's petition for contempt. She indicates in her petition that plaintiff Preston R. Doyle has removed her from coverage on his major medical, health and accident insurance provided through his employer. She contends that this is a violation of the order entered by

this court on April 10, 1985, which indicated that the husband was to continue to maintain petitioner for coverage on this policy. The husband contends that, by reason of the entry of an order of this court on May 20, 1985 which divorced these parties, his employer, under the terms of the insurance policy, can no longer cover his former wife. Defendant wife responds that she has taken an appeal from the court's order of May 20, 1985, and, therefore, the parties are still married and she, therefore, can be covered by her husband's employer's policy.

In Shuda v. Shuda, 283 Pa. Super. 253, 423 A.2d 1242 (1980), the court, in addressing the martial status of parties during which a divorce decree has been appealed, held at 283 Pa. Super. 258, 423 A.2d 1244:

"Taken together, the Ponthus and Matuszek lines of cases support the following propositions: Appeal from a divorce decree suspends its effect. If the decree is affirmed, it is effective from the date it was entered; in retrospect, the parties were not married during the pendency of the appeal. If the decree is set aside, the parties are still married; in retrospect, their marriage was never interrupted. When section 103 of the Divorce Code is construed in the light of these prepositions, it becomes evident that the applicability of the Divorce Code to this case depends on our disposition of the case on the merits."

Under this holding, therefore, the parties, at the present time, are still married and will continue to be so in the event the appellate court reverses our decision to grant their divorce. On the other hand, in the event our decision is affirmed, the parties will have been divorced as of May 20, 1985. Since our order granting a divorce is held in suspension until the decision is made by the Superior Court, her status until that time is that of the wife of plaintiff. It

would appear to the court, therefore, that if that is all that is required for coverage under her husband's employer's insurance policy, she is entitled to that coverage under our order of April 10, 1985.

By reason of the peculiar circumstances in this case, however, we enter the following

## ORDER

And now, this October 3, 1985, we find that our order of May 20, 1985 divorcing the parties is suspended and, therefore, the parties, at this time, are married and we will direct the husband to again apply for coverage for his wife. In the event the claims are made by his wife, we direct that the payment of these claims may be placed in an escrow account until the final determination of the appeal in this matter. If the order granting the divorce is set aside, monies in escrow shall be paid to the wife. In the event that said order is sustained and the divorce is granted, the monies will be returned to the insurance company.